UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM SHORT,

       Plaintiff,

  v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No. 1:12-cv-574

Dlott, C.J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff William Short filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents four claims of error for this Court's review. For the reasons explained below, I conclude that this case should be REMANDED because the finding of non-disability is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In September 2007, Plaintiff filed an application for Disability Insurance Benefits ("DIB") alleging a disability onset date of June 25, 2007 due to physical impairments. (Tr. 126-27). After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On March 18, 2010 an evidentiary hearing was held, at which Plaintiff was represented by counsel. (Tr. 37-60). At the hearing, the ALJ heard testimony from Plaintiff and Vanessa Harris,

1

an impartial vocational expert.  On August 20, 2010, ALJ Amelia G. Lombardo denied Plaintiff's application in a written decision.  (Tr. 19-29).

The record on which the ALJ's decision was based reflects that Plaintiff was 58 years old at the time of the ALJ's decision and had completed two years of college.  (Tr. 41, 152).  He has past relevant work as a supervisory telephone clerk and mortgage clerk. (Tr. 42-43, 54-55, 147).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative disk disease of the cervical spine with residuals of fusion surgery; degenerative disk and degenerative joint disease of the lumbosacral spine; and non-obstructive coronary artery disease." (Tr. 22). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform the full range of sedentary work.  (Tr. 25).  Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform his past relevant work as a mortgage clerk.  (Tr. 28-29).  Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB. (Tr. 29).

The Appeals Council denied Plaintiff's request for review.  Therefore, the ALJ's decision stands as the Defendant's final determination.  On appeal to this Court, Plaintiff maintains that the ALJ erred by: 1) failing to give controlling weight to the opinions of

Plaintiff's treating physicians; 2) failing to provide any analysis at step 3 of the sequential evaluation process; 3) failing to consider third party statements provided by Plaintiff's wife, daughter and stepdaughter; and 4) submitting a hypothetical question to the vocational expert that did not accurately portray plaintiff's impairments.  Upon careful review and for the reasons that follow, the undersigned finds Plaintiff's second assignment of error to be well-taken and dispostive, and, accordingly, hereby recommends that this matter be remanded under sentence four of 42 U.S.C. § 405(g).

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act.  *See* 42 U.S.C. §1382c(a).  Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted).  In conducting this review, the court should consider the record as a

3

whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . . .. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.  If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.*  (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy.  *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

4

### B. The ALJ's step three determination is not supported by substantial evidence, thereby requiring remand.

The third step in the sequential evaluation for disability benefits requires a determination of whether an impairment or a combination of impairments meets or equals one or more of the medical conditions listed in Appendix 1. *See* 20 C.F.R. §§ 416.920, 416.925, 416.926. An impairment meets a listed impairment only when it manifests the specific findings described in the set of medical criteria for that particular listed impairment. 20 C.F.R. § 416.925(d). Medical equivalence must be based on medical findings supported by medically acceptable clinical and laboratory techniques. 20 C.F.R. § 416.926(b). It is a claimant's burden at the third step of the evaluation process to provide evidence that she meets or equals a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir.1987).

If a claimant suffers from an impairment which meets or equals a listed impairment, the claimant is disabled without consideration of the claimant's age, education, and work experience. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir.1981). An impairment, or combination of impairments, will be deemed medically equivalent to a listed impairment if the symptoms, signs, and laboratory findings, as shown in the medical evidence, are at least equal in severity and duration as to the listed impairment. *Land v. Sec'y of Health & Human Servs.*, 814 F.2d 241, 245 (6th Cir.1986).

5

It is well-settled that to "meet" a listing, a claimant's impairments must satisfy each and every element of the listing. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."); *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 6 (6th Cir. 2004) ("When all the requirements for a listed impairment are not present, the Commissioner properly determines that the claimant does not meet the listing."). An ALJ must compare the available medical evidence with the requirements for listed impairments to determine whether a claimant's condition is equivalent to a listing. *Reynolds v. Comm'r of Soc. Sec.*, No. 09–2060, 2011 WL 1228165, at *2 (6th Cir. Apr.1, 2011).

Here, the ALJ determined that Plaintiff's impairments, singly or in combination, did not meet or equal any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14-15). Plaintiff, however, asserts that the ALJ erred by failing to find that his impairments met or equaled Listing 1.04A. Listing 1.04 provides:

> *Disorders of the* spine ... resulting in compromise of a nerve root .... [w]ith [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App'x 1, 1.04. Thus, for Plaintiff to have been found disabled at step three, he must have had (1) a spinal disorder that (2) result[ed] in "compromise of a nerve root" with (3) "neuro-anatomic distribution of pain," (4) "limitation

6

of motion of the spine," and (5) motor loss (muscle weakness) accompanied by (6) sensory or reflex loss. *Id.*

Plaintiff argues that the evidence of record establishes that his cervical spondylosis meets or medically equals section 1.04(A). In support of this contention, Plaintiff cites to a January 17, 2006 MRI of the cervical spine showing post operative changes from a prior anterior cervical diskectomy and fusion at C3-C4 and C4-C5; a small focus of signal alteration in the cord at the C4 level of uncertain etiology; and, advanced bilateral forminal narrowing due to a broad-based disc osteophyte complex at C6-C7; and, a small right paracentral disc herniation at the C5-C6 level. (Tr. 231-232). Plaintiff further cites to physical examinations documenting neuro-anatomic distribution of pain to the right lower extremity (and to a lesser extent the right upper extremity), limited motion of the lumbar spine, and decreased sensation of the right lower extremity. The evidence of record also indicates that Plaintiff suffers from chronic neuropathic pain.

As noted above, however, the ALJ determined that Plaintiff's impairments did not meet or equal the requirements of any listing. In this regard, the ALJ's decision states, *in toto:*

> The claimant does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, subpart P, Appendix 1 (20 CFR 404.1520(d)

(Tr. 25). Upon close inspection, the undersigned agrees that the ALJ failed to properly evaluate Plaintiff's impairments in relation to the Listings.

7

First, the ALJ's lone statement that Plaintiff's impairments do not meet or equal any Listing prevents the Court from conducting any meaningful judicial review to determine whether the ALJ's Listings analysis is supported by substantial evidence. *Tennyson v. Comm'r of Soc. Sec.*, 1:10-CV-160, 2011 WL 1124761 (S.D. Ohio Mar. 4, 2011) report and recommendation adopted, 1:10-CV-160, 2011 WL 1119645 (S.D. Ohio Mar. 24, 2011). As a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion. *Fleischer v. Astrue*, 774 F. Supp.2d 875, 877 (N.D. Ohio 2011); see also *Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544–546 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Commissioner of Social Security*, 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir. Feb, 2, 1999). *See also Hurst v. Secretary of Health and Human Services*, 753 F.2d 517 (6th Cir. 1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82-62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained").

When an ALJ fails to mention relevant evidence in his or her decision, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Morris v. Secretary of Health & Human Servs.*, Case No. 86-5875, 1988 WL 34109, at * 2 (6th Cir. Apr. 18, 1988) (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.

8

1981)); *see also Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (The Court cannot uphold the decision of an ALJ, even when there may be sufficient evidence to support the decision, if "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.").

Courts have repeatedly remanded cases when an ALJ fails to articulate a meaningful discussion of the Listings or related criteria. *See Johnson v. Comm'r of Soc. Sec.*, No. 07–14289, 2008 WL 5411658, at *4 (E.D.Mich. Dec. 23, 2008) (remanding case for further administrative proceedings because the district court was unable to discern the legal standards and decipher which Listing the ALJ applied to reach his non-disability decision); *Motley v. Comm'r of Soc. Sec.*, No. 1:08–CV–00418, 2009 WL 959876, at *12–13 (S.D. Ohio Apr. 8, 2009) (record suggested that the plaintiff may meet or equal a Listing, however, the ALJ, determined that the plaintiff was not disabled and failed to articulate specific reasons for his conclusion. The matter was remanded for further administrative proceedings because the Court was unable to perform a meaningful review). *See also Herald v. Astrue*, No. 07–165, 2008 WL 2705452, at *5–6 (E.D. Ky. July 9, 2008) (remanding the case for further administrative proceedings, in part, because the ALJ failed to perform an individualized assessment of the impact of obesity on the plaintiff as SSR 02–1p requires).

As outlined by the Court in *Motley*,

> The ALJ's general finding that plaintiff's impairments do not meet or equal a listed impairment does not specifically address the requirements of Listing 1.02A. (Tr. 20). There is nothing in the ALJ's decision to indicate whether he even considered Listing 1.02A. Without discussing the evidence in light of Listing 1.02A's analytical framework, this Court is left

9

> with serious doubts as to whether the ALJ's factual assessment adequately considered the criteria of the listing.

*Motley*, 2009 WL 959876, *12 (S.D. Ohio Apr. 8, 2009) (citations omitted).

In the present case, ALJ's Listings' analysis in the decision is not articulated in any meaningful way. The ALJ simply concludes that Plaintiff's impairments do not meet any Listing, he fails to outline which specific Listings were considered. The ALJ's failure to specifically articulate the reasons for his conclusions prevents the Court from engaging in meaningful review of his decision.

Despite the ALJ's failure to articulate his findings, the Commissioner asserts that Plaintiff's assignment of error should be overruled because he has not shown that he demonstrated the specific, required listing-level findings for his neck condition. The Commissioner cites to Plaintiff's MRI scans which showed only minimal abnormalities of the cervical spine with no signs of nerve root compromise, as well as findings from Plaintiff's neurologist that Plaintiff was neurologically intact, with normal upper extremities strength. (Tr. 231-32, 592). However, the ALJ never made such findings. Thus, the issue of whether Plaintiff's impairment meets or equals Listing 1.04A must first be determined by the ALJ, not the Court. The undersigned recognizes that the ALJ's RFC analysis does mention clinical findings related to Plaintiff's cervical and lumbar spine (Tr. 28); however, such evidence is never discussed in relation to Listing 1.04A. Without even a minimal articulation of the ALJ's Listing finding, the Court is left without a basis for meaningful judicial review on this issue.

In light of the foregoing, the ALJ's findings relating to the Listings are not supported by substantial evidence and further fact-finding is necessary. Remand is thus required, under the fourth sentence of 42 U.S.C. § 405(g), in order to afford the ALJ an opportunity to clarify the record.

In addition, with respect to Plaintiff's remaining errors, because the ALJ must reconsider the evidence of record in order to determine whether Plaintiff's impairments meet or equal any of the listed impairments, it is also appropriate to reevaluate the opinion evidence, as well as the third-party statements of record. The same is true with respect to the hypothetical the ALJ posed to the VE. While the questions he asked took into account the pain symptoms he found credible, this issue will need to be reconsidered in light of any new findings on remand.

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. §405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. All essential factual issues have not been

11

resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of her alleged onset date. *Faucher*, 17 F.3d at 176.

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1. The decision of the Commissioner to deny Plaintiff DIB benefits be **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. §405(g).

2. On remand, the ALJ shall properly determine whether Plaintiff's impairments meet or equal Listing 1.04A and provide a clear rational for each determination. The ALJ should also reevaluate the remaining errors raised by Plaintiff as outlined above.

3. As no further matters remain pending for the Court's review, this case be **CLOSED.**

                 */s Stephanie K. Bowman*
                 Stephanie K. Bowman
                 United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| WILLIAM SHORT, | Case No. 1:12-cv-547 |
| Plaintiff, | Dlott, C.J.<br>Bowman, M.J. |
| v. | |
| CAROLY W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).