UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM SHORT,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 1:12-cv-574

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff has filed a motion seeking an award of attorney's fees under 42 U.S.C. §406(b). Pursuant to local practice, the motion for attorney's fees and costs has been referred to the undersigned magistrate judge. For the reasons that follow, I recommend that the motion be DENIED, or in the alternative, GRANTED only in part.

**I. Background**

In September 2007, Plaintiff filed an application for disability insurance benefits, alleging disability beginning in June of 2007. Plaintiff's application was denied in August 2010 after an evidentiary hearing before an ALJ. On July 30, 2012, Plaintiff filed a judicial appeal of that adverse decision in this Court, pursuant to 42 U.S.C. §405(g).

On July 10, 2013, the undersigned recommended that this case be reversed and remanded, pursuant to sentence four of 42 U.S.C. §405(g), on grounds that the ALJ's decision was not supported by substantial evidence. The basis for remand was the ALJ's failure to provide sufficient analysis at step 3 of the sequential evaluation process concerning why Plaintiff's spinal disorder did not meet or equal Listing 1.04A. (Doc. 13).

That report and recommendation ("R&R") was adopted by the presiding district judge on July 31, 2013. (Doc. 14). Following the entry of judgment on the same day, the above-captioned case was closed. (Doc. 15). Plaintiff sought an attorney's fee award under the Equal Access for Justice Act ("EAJA") shortly after judgment was entered, and was subsequently awarded $3,500 pursuant to a joint stipulation. (Docs. 17, 18, 19).

Following remand by this Court, proceedings at the administrative level continued until on or about June 22, 2014, when Plaintiff received a Notice of Award stating that additional review had resulted in a determination of disability, and that he would therefore receive benefits retroactive to December 2007. The total amount of past due benefits was calculated to be $39,779.25, through January 31, 2012. (Doc. 20-4 at 1). Approximately six months following receipt of the Notice of Award, on December 17, 2014, Plaintiff's counsel filed a motion in this Court seeking an award of attorney's fees pursuant to 42 U.S.C. §406(b). (Doc. 20).

Plaintiff's motion reflects that Plaintiff signed a contingency fee contract on January 11, 2012, in which he agreed to pay 25% of any award of back due benefits that resulted from a successful appeal in federal court. (Doc. 20-1 at 1). Plaintiff's §406(b) motion seeks a judicial determination that counsel is entitled to an award of $13,259.75 under the contingency fee contract. The June 2014 Notice of Award reflects that the Social Security Administration withheld that amount, which represents the maximum possible statutory fee of 25%, from the substantial award of past-due benefits. (Doc. 20-4 at 2). Plaintiff's motion acknowledges that, should this Court award counsel a fee pursuant to §406(b), counsel will refund to Plaintiff the prior award of EAJA fees for the same work, as required under controlling Sixth Circuit case law.

Defendant has filed a memorandum in opposition to Plaintiff's motion, arguing

2

that counsel's motion is untimely. Alternatively, Defendant argues that the award sought by counsel is excessive and amounts to a windfall. Plaintiff has filed no reply.

## II. Analysis

### A. Relevant Provisions for Payment of Attorney's Fees

Prior to turning to the motion at hand, it is useful to briefly review the three statutory provisions that provide for the payment of attorney's fees to counsel who practice before the Social Security Agency at the administrative level, or who successfully appeal adverse social security decisions to this Court. First, the EAJA, which broadly applies outside of the social security context, authorizes this Court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials. *See* 28 U.S.C. §2412(d)(1)(A). A plaintiff who wins a remand under sentence four of 42 U.S.C. §405(g) of his social security appeal is considered to be a "prevailing party," regardless of whether benefits are awarded following remand. An EAJA fee award has no impact upon a claimant's future award of benefits, because the award essentially comes from the claimant's adversary – here the Social Security Administration. By statute, an EAJA motion must be filed within 30 days of the date that final judgment is entered by this Court. 28 U.S.C. §2412(d)(1)(b); (d)(2)(G). Plaintiff sought and was granted EAJA fees in this case.

Two additional statutory fee provisions are contained in the Social Security Act itself. For work performed by counsel at the administrative level, 42 U.S.C. §406(a) provides for payment of fees, generally up to $6,000.00. The referenced provision authorizes payment to both attorneys and to non-attorney representatives, as the title reflects, "for representation before [the] Commissioner of Social Security." Because

3

§406(a) is designed to pay for work performed at the administrative level, it is the Commissioner of the Social Security Agency, and not this Court, that is authorized to make those awards. *See generally Cohn Law Firm v. Astrue*, 968 F. Supp.2d 884 (W.D. Tenn. 2013)(granting summary judgment to Commissioner where Plaintiffs filed suit under the Mandamus Act to compel Commissioner to pay additional fees under §406(a)).

Last, federal courts are authorized to pay attorney's fees under 42 U.S.C. §406(b), up to the statutory maximum of 25%, for work performed in federal court during the judicial appeal of an adverse administrative decision. In contrast to the EAJA which authorizes fees for obtaining remand to the agency even if no benefits are ever awarded, a §406(b) fee can be awarded <u>only</u> when the agency awards benefits to the plaintiff after remand. Also in contrast to the EAJA, §406(b) fees come directly out of the successful claimant's award, thereby reducing the claimant's benefits, and generally must be supported by a fee agreement. As will be discussed below, the last significant way in which §406(b) differs from the EAJA is that it does not contain a statutory time limit for filing the motion, but instead is governed by the general time limit for filing a motion for fees contained in Rule 54(d)(2), Fed. R. Civ. P.

Despite the differences between the statutory provisions, Congress has made clear that an attorney may not obtain a double-recovery for the same work. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n. 1 (6th Cir. 1989). Thus, in cases where an attorney first receives an EAJA award and then subsequently seeks an award under §406(b), he or she is required to remit to the claimant the smaller of the two awards. *Id.* Similarly, the total fee award made under the combination of §406(a) and §406(b) generally may not

4

exceed 25% of the total award of past benefits.

### B. Merits of Motion

#### 1. Timeliness of Motion

Time limitations are inherent to the practice of law, and motions for attorney's fees brook no exception. As stated, while the EAJA statute provides for its own time limit, the time for filing a petition for fees pursuant to §406(b) is generally governed by Rule 54(d)(2), Fed. R. Civ. P. That procedural rule requires that any motion for fees be filed "no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute." Based on this Court's Judgment date of July 31, 2012, Plaintiff's 14-day period expired more than two *years* before Plaintiff's motion was filed. The issue of timeliness therefore invokes the jurisdictional authority of this Court. However, other courts have applied Rule 54(d)(2) in combination with equitable tolling to dramatically extend the time period for filing a motion for attorney's fees under §406(b), by using the Notice of Award of benefits as the operative "judgment" date. *See, e.g., Walker v. Astrue*, 593 F.3d 274, 276 (3rd Cir. 2010*); Reynolds v. Com'r of Soc. Sec.*, 292 F.R.D. 481, 484-485 (W.D. Mich. 2013); *Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007)(applying equitable tolling and Rule 54(d)(2) on facts presented).

Using the same reasoning in R&Rs previously adopted by U.S. District Judges Dlott, Barrett, Beckwith, and Weber, the undersigned has applied equitable tolling in multiple cases to find §406(b) motions timely filed, even when they have been filed significantly later than fourteen days after the Notice of Award. *See, e.g., Lasley v. Com'r of Soc. Sec.,* Case No. 1:10-cv-394-SJD, 2013 WL 3900096 (S.D. Ohio, July 29, 2013)(R&R applying equitable tolling to award fees despite delay of five months after

Notice of Award, based in part on lack of published case law), adopted by Dlott, J. at 2013 WL 6147841, *aff'd* 771 F.3d 308 (6th Cir. 2014); *Boston v. Com'r of Soc. Sec.*, Case No. 1:10-cv-408-HRW, R&R adopted at 2014 WL 1814012 (S.D. Ohio, May 7, 2014); *Proctor v. Com'r of Soc. Sec.*, Case No. 1:09-cv-127-SSB, 2013 WL 308730 (S.D. Ohio Jan. 25, 2013), adopted at 2013 WL 607968 (Feb. 19, 2013); *Willis v. Com'r of Soc. Sec.*, Case No. 1:10-cv-594-MRB, 2013 WL 4240835 (S.D. Ohio, Aug. 14, 2013), *adopted as modified in part*, 2014 WL 2589259 (S.D. Ohio, June 10, 2014); *Cyrus v. Com'r of Soc. Sec.*, Case No. 1:11-cv-234-MRB, R&R adopted at 2014 WL 5432123 (S.D. Ohio, Oct. 27, 2014). In extending equitable tolling for relatively long periods of time, the undersigned has relied upon the relative paucity of published Sixth Circuit case law.[1] However, in each case, the undersigned has forewarned counsel that "in the future, any §406(b) motion should be more timely filed, within fourteen days of the Notice of Award."

Central to the analysis of the case presented, an express warning was previously issued to the same attorney who appears herein, in a prior case in which the undersigned permitted the recovery of a §406(b) fee by applying equitable tolling. *See Wallace v. Social Security*, Case No. 1:09-cv-382-SSB, 2013 WL 3899964 (S.D. Ohio, July 28, 2013)(R&R discussing the issue of timeliness in some detail), adopted at 2013 WL 4517772 (Aug. 26, 2013). Additionally, the Sixth Circuit published *Lasley*, affirming this Court's analysis of the timeliness issue, prior to the date counsel filed the instant

---

[1] Other courts within the Sixth Circuit have amended their local rules to address the issue. *See Beard v. Com'r of Soc. Sec.*, 2014 WL 902577 at *2 (W.D. Mich., March 6, 2014)(noting amendment by the Western District of Michigan to provide that the "time to file a motion for fees expires 35 days after…the date shown on the face of the Notice of Award issued by the Social Security Administration." W.D. Mich. L. Civ. R. 54(b)).

6

motion.

In *Wallace*, counsel received a Notice of Award on or about June 4, 2012, and a letter of inquiry regarding counsel's intent to seek a §406(b) award on February 13, 2013. The undersigned noted that counsel had failed to file her §406(b) motion for more than a year after receipt of the Notice of Award, and more than four months after receipt of a February 2013 letter from the agency seeking information on whether she intended to seek a §406(b) award. While the undersigned held that equitable tolling still should apply, the issue was described as close. The undersigned concluded that the motion was "timely – though barely, and only because of the limited case authority and lack of binding published case law on the subject in the Sixth Circuit at the time Plaintiff filed her motion." *Id.*, at *4. For example, the decision in *Reynolds v. Com'r of Soc. Sec.*, 292 F.R.D. 481 had been published just days before Plaintiff filed her motion in *Wallace*. Despite recommending the application of equitable tolling, the undersigned issued the following express warning: "This Report and Recommendation …**should serve as notice to counsel that any future motion filed under §406(b) should be more timely filed**, and better supported, to the extent that she makes any claim for a fee award that would exceed the 'per se reasonable' contingency rate for such cases." *Wallace, supra* at *8 (emphasis added).

In adopting a very similar R&R in *Lasley* over objections, then-Chief Judge Susan J. Dlott issued a nearly identical warning: "Counsel are reminded that motions filed under §406(b) will be timely filed and better supported, to the extent that a claim is made for fees so far in excess of the 'per se reasonable' contingency rate for such cases." *Lasley v. Com'r*, 2013 WL 6147841 (Nov. 22, 2013). Lasley's counsel appealed the more than 50% reduction of his claimed §406(b) fee, which reduction was

based in part on the untimeliness of his motion. In a published decision, the Sixth Circuit affirmed the reduction of the fee based on factors that included "counsel's delay in filing the §406(b) motion." *See id.*, 771 F.3d 308, 310 (6th Cir. 2014).

As the undersigned explained in both *Wallace* and *Lasley*, *Reynolds* sets forth the five factors that are to be considered within the Sixth Circuit to determine whether a deadline should be equitably tolled:

(1) the petitioner's lack of notice of the filing requirement;

(2) the petitioner's lack of constructive knowledge of the filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the respondent; and

(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Wallace,* at *5 (citing *Reynolds* and *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005)). Unlike in *Wallace* where analysis of those factors resulted in the balance tipping toward the application of equitable tolling, analysis of the same factors here tilts to the opposite conclusion. Counsel should by now be aware of published cases, including *Reynolds* and *Lasley,* and she was personally warned more than a year ago that any §406(b) motion should be filed within fourteen days of the date of the Notice of Award.

Despite that express warning and admitted receipt of the Notice of Award in June 2014, counsel offers no rationale for waiting nearly six months to file her §406(b) motion. Plaintiff's silence in the face of Defendant's opposition to her motion for fees, which directly challenges the timeliness of her motion, only underscores the lack of equitable grounds for tolling on the facts presented. Therefore, the motion should be denied as untimely, because equitable tolling does not apply to provide this Court with

8

jurisdiction to consider the motion for an additional award of fees under §406(b).

### 2. The Case for a Reduced Fee Award

Despite the above analysis, the undersigned is aware that the cases in this district have not been uniform. *Wallace* and other cases have been unpublished and *Reynolds*, while published in the Federal Rules of Decisions, is from a district court in Michigan. The Sixth Circuit issued *Lasley* originally as an unpublished decision on November 4, 2014, not long before the instant motion was filed. While affirming this Court's consideration of timeliness, *Lasley* addressed a panoply of equitable factors that may be considered when assessing the "reasonableness" of a §406(b) fee, without any particular emphasis on timeliness.

Thus, the timeliness (or more often, the lack thereof) of a Rule 406(b) motion continues to be frequently overlooked. As has been discussed by this Court and others, the Commissioner has little incentive to file any response at all to a §406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant. Even when a response is filed by the Commissioner, it often expresses no position.[2] Likewise, based on practical realities including large dockets and limited judicial resources, courts themselves may be unaware and/or have insufficient resources to *sua sponte* raise the issue of whether a §406(b) motion is timely.[3] And, considering that

---

[2]*See, e.g., Childres v. Com'r of Soc. Sec.*, Case No. 1:09-cv-173-MRB, Response at Doc. 22, stating: "The Commissioner states that he has no financial stake in the matter, and no objection to Plaintiff's §406(b)] motion."

[3]For example, in *Childres, supra n.2,* the undersigned granted counsel's unopposed motion for a §406(b) fee notwithstanding the fact that – on examination of the record in hindsight – it was filed a year and a half after the Notice of Award. At the time, the undersigned was not aware of the timeliness issue common to such motions, and the Commissioner's expressed "no objection" appeared to waive any issue.

social security attorneys bear a substantial risk of being uncompensated for the average of 20-30 hours of work that they expend in this federal court for each contingency fee case that they take on (because most cases are affirmed), courts may be reluctant to raise an issue *sua sponte* that could result in denying a successful attorney a fee that is otherwise hard-earned and well-deserved.[4]

On the other hand, by statutorily capping contingency fee awards in social security cases at 25%, Congress has attempted to protect often-desperate plaintiffs from giving up too much of their future benefit awards for the sake of obtaining legal representation. The Sixth Circuit has explained that §406(b) includes a directive to the federal courts to affirmatively examine the "reasonableness" of any fee award up to that maximum. The court has emphasized that the 25% statutory cap should not be "viewed as per se reasonable" and instead, should be "a starting point for the court's analysis." *Rodriuez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Thus, federal courts must balance the rights of counsel to a fair fee with the need to safeguard the rights of litigants whose interests are necessarily adverse to those of counsel in the limited context of a §406(b) award. *See generally Gisbrecht v. Barnhart*, 535 U.S. at 807-809 (holding that courts must review contingent fee agreements in social security cases to assure that they yield "reasonable results in particular cases.").

In this case, despite the lack of any financial stake in the issue, the Commissioner opposes counsel's fee both on grounds that it is untimely and, alternatively, on grounds that the fee would represent an unfair windfall on the record presented. The undersigned agrees. To the extent that a reviewing court may more

---

[4]Although counsel received an EAJA fee for her work in this Court, the recommendation that a greater fee under §406(b) be denied is not meant to suggest that the result she obtained was other than excellent.

generously apply equitable tolling to render the instant motion timely, the amount of the award still should be reduced to avoid a windfall.

An attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689 (S.D. Ohio 2013)(*citing Gisbrecht*, 535 U.S. at 807). Under *Gisbrecht*, a "downward adjustment" is in order when the amount of benefits is large in comparison to the amount of time counsel spent on the case. *Id.* at 808; *see also Lowery* (approving unopposed request for contingency fees based well-supported motion that represented significant voluntary reduction to just 14.5% of the past-due benefits award); *accord Reynolds*, *supra* at *4 (noting counsel's "request of approximately 17% of his client's past-due benefits award [represents] a significant discount from his agreed-upon contingency fee).

One benign but powerful reason for an increase in fees is the passage of time. A full contingency award constituting 25% of the past due benefits may well constitute a windfall in cases where the total award is large due chiefly to the passage of time – even (as is usually the case) when the delay is not attributable to counsel but instead merely results from the slow wheels of justice and inevitable delays occasioned within the social security agency itself. *Accord Dearing v. Sec. of Health and Human Servs.*, 815 F.2d 1082 (6th Cir. 1987); *Boston v. Com'r of Soc. Sec.*, 2014 WL 1813012 at *1 ("Courts are generally reluctant to award large contingency fees in social security cases in which the chief reason for the size of the award is the ponderous pace of the administrative process." ); *Wallace, supra* ("[B]y definition, litigants who have been determined to be entitled to Title II disability benefits may be especially vulnerable to the

11

imposition of exorbitant fees, particularly given the near certainty that years will have elapsed between their initial applications, remand by this Court, and the ultimate award of benefits.").

Turning to the record presented, Plaintiff's motion is supported by a short memorandum that details counsel's time records from December 2011, seven months prior to filing the judicial appeal in this Court, through October 29, 2013, the date that counsel filed her EAJA motion. Only fees for time spent in federal court may be included in any award made pursuant to 42 U.S.C. §406(b).[5] The social security statute, as interpreted by the Sixth Circuit, makes clear that attorney time spent in administrative proceedings may be separately compensated under §406(a), but may not be included in any fee award made by this Court. Counsel's fee records demonstrate that, subtracting the 3 hours spent in pre-filing or administrative work but including a prior petition for fees filed under the EAJA, counsel spent 20.25 hours in federal court, for which she seeks a total fee of $13,259.75. Dividing the total fee sought by the number of hours expended yields a hypothetical hourly rate of $654.80.

Counsel represents that her standard rate is $165 per hour. In *Boston v. Com'r of Soc. Sec.*, the Court surveyed a representative sample of recent cases within this district and noted: "In recent social security cases, this Court has indicated that $350 to $360 per hour represents a "per se reasonable" fee under §460(b), because those hourly rates fall within the twice-the-standard-rate presumption of *Hayes*." *Id.* at *2. In *Wallace*, the undersigned noted the same "floor" established by *Hayes. v. Sec'y of*

---

[5]Time records include 3 hours of pre-filing review of Plaintiff's claim and preparation of a request for extension of time filed with the Appeals Council at the administrative level. Neither work performed prior to the date that the complaint was filed in this Court nor work at the administrative level is compensable under §406(b).

12

*Health & Human Servs.*, 923 F.2d 418, 421-22 (6th Cir. 1990). And again in *Lasley*, affirmed by the Sixth Circuit, the undersigned cited *Hayes* for the "presumed reasonableness" of §406(b) fee awards that amount to "less than twice the standard rate," and for the proposition that "a hypothetical hourly rate that is equal or greater than twice the standard rate may well be reasonable." *Lasley*, 771 F.3d at 309 (quoting the R&R and *Hayes*, 923 F.2d at 422). In its affirmance of *Lasley*, the Sixth Circuit confirmed that its precedent clearly "accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25–percent cap." *Lasley*, 771 F.3d at 309 (citing *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421 (6th Cir.1991); *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir.1989) (en banc)). At the same time, *Lasley* held that "[n]othing in *Hayes* prevents a court from *considering* arguments rebutting the presumption of reasonableness." *Id..* In fact, *Lasley* pointed out that the Supreme Court in *Gisbrecht* "elides strict presumptions altogether." *Id.* (noting that *Gisbrecht* instructed courts to consider standard rates, focusing on reasonableness and avoiding windfalls, and quoted the claimants' concession that §406(b) "does not create any presumption in favor of the agreed upon amount.").

In *Lasley*, the undersigned reduced counsel's claimed fee from a hypothetical hourly rate of $733 to a hypothetical rate of $360 per hour - in part due to counsel's delay in filing his §406(b) motion. In addition to counsel's delay in filing the §406(b) motion, the undersigned further cited the extremely high claimed hourly rate which was more than quadruple the standard EAJA rate, the opposition of the Commissioner (ordinarily a disinterested party to §406(b) motions), the lack of any offer to negotiate or

13

reduce the fee to the benefit of the Plaintiff in order to reduce the likelihood of a windfall to counsel, the relative brevity of representation, and the relative simplicity of the claim presented to this Court.

Virtually all of those same equities apply to the record in this case. Counsel's claimed fee amounts to an hourly rate that is nearly four times her standard hourly rate of $165. The Commissioner strongly opposes awarding any fee, notwithstanding the Commissioner's lack of any financial incentive to do so. The claim was not overly complex. In short, even if counsel should not be denied the entirety of a fee under §406(b) based upon her nearly-six month delay in filing her motion, that delay and other equitable factors strongly support a substantial reduction of the full 25% claimed contingency fee in this case.

Applying the discretion that is required to such cases, and based on the entirety of the record herein, the undersigned concludes that – to the extent that any award is made – the award should not exceed the *Hayes* "subfloor" of slightly less than twice counsel's usual and customary rate of $165 per hour. Applying a rate of $325 per hour to the 20.25 hours expended in this case would yield a fee of $6581.25. Because counsel has already received an EAJA award of $3500.00, which otherwise would be remitted to Plaintiff if a greater fee under §406(b) is awarded for the same work, counsel should be awarded no more than the additional total fee of $3081.25.

### III. Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**:

Plaintiff's motion for approval of attorney's fees under 42 U.S.C. §406(b) (Doc. 20) should be DENIED AS UNTIMELY, because no grounds for equitable tolling under Rule 54(d) exist on the record presented that would excuse the six-month delay

14

between counsel's receipt of the Notice of Award and the filing of the §406(b) motion. IT IS ALTERNATIVELY RECOMMENDED, if the presiding district judge is inclined to extend equitable tolling to find Plaintiff's motion to be timely filed, THAT the motion for fees be granted only in part. Specifically, the requested fee should be reduced to an award that reflects a payment to counsel of $3081.25 out of the past-due benefits award which, when added to her prior receipt of $3,500.00 under the EAJA, amounts to compensation that is more than "reasonable" under the circumstances.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WILLIAM SHORT,                        Case No. 1:12-cv-574

    Plaintiff,                        Dlott, J.

                                     Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).